IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MADALYN D. CHAVEZ                         §
                                          §
            Plaintiff                     §
                                          §        CIVIL ACTION NO.
vs.                                       §
                                          §        _____
WHATABURGER RESTAURANTS, LLC A/K/A        §
WHATABURGER RESTAURANTS, LP AND           §
BDT CAPITAL PARTNERS, LLC                 §
                                          §
            Defendant.                    §

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Come now plaintiff complaining of defendant and for cause of action would show the Court and jury as follows:

### JURISDICTION

1.      The court has jurisdiction over the lawsuit because the action arises under Title VII of Civil Rights Act of 1964. See 42 U.S.C. 2000e *et seq.*

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

2.      Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against defendant. Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC.

### PARTIES

3.      Plaintiff is an individual who resides in Nueces County, Texas. At all relevant times defendant employed Plaintiff in their facility in Corpus Christi, Texas.

4.      Defendant, WHATABURGER RESTAURANTS, LLC a/k/a WHATABURGER RESTAURANTS, LP is a corporation organized and existing under the laws of the State of Texas and is authorized to do business in the State of Texas. Defendant may be served with process by service on its registered agent, Corporation Service Company d/b/a CSC - Lawyers INCO, 211 E. 7th Street, Suite 620 Austin, Texas 78701.

5.     Defendant, BDT CAPITAL PARTNERS, LLC is a corporation organized and existing under the laws of the State of Texas and is authorized to do business in the State of Texas. Defendant may be served with process by service on its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## MATERIAL FACTS

6.     Plaintiff is now an 18 year old female. In March 17, 2017 Plaintiff was hired as a team member at the age of 16.

7.     On or about January 2018 Plaintiff was asked to help at a different location. While assisting at that location, a manager at that location named Gregory Gutierrez, Jr. began to sexually harass Plaintiff. Manager, Gutierrez would comment about Plaintiff's looks and her body being thick.

8.     The first day Plaintiff began working with Manager Gutierrez he took Plaintiff to the storage room, grabbed Plaintiff's hand and made Plaintiff touch his penis. He then grabbed Plaintiff's face and kissed her. Plaintiff was 16 years old when this occurred.

9.     This Manager, Gutierrez would text and call Plaintiff asking her to hang out. Plaintiff felt pressured to begin a sexual relationship with him.

10.    Even after Plaintiff learned Manager, Gutierrez was married he told Plaintiff that when she turned 18 he was leaving his family for her.

11.    The continued to always pressure Plaintiff to have sex and in early summer he even told Plaintiff that if she didn't consent to having sex with him he would rape her.

12.    Plaintiff states that he started getting controlling with Plaintiff, texting her and calling her all the time . He would tell Plaintiff that she better not be talking to anyone else or he'd kill himself.

13.    Manager, Gutierrez even once made Plaintiff have sex during work while there were customers and employees in the building.

14.    In July 2018 he forced himself on top of Plaintiff held Plaintiff's head to the side and gave Plaintiff a hickey and then told Plaintiff "there, now go tell all them little boys you talk to that you're taken.

15.     When Plaintiff would not have sex with him or was friendly with other people who came into the restaurant he would retaliate against Plaintiff by making her clock out and go home.

16.     Plaintiff finally did end the relationship in early August 2018.

17.     Plaintiff did not report his behavior of the pressure to engage in a sexual relationship to anyone because he was a manager and from fear of what he would do from prior statements.

18.     When Plaintiff's mother learned of the relationship from Plaintiff, Plaintiff did not return to her employment at Whataburger.

19.     The Manager, Gregory Gutierrez, Jr. had previously been charged with four counts of indecency with a child sexual contact on December 31, 2014 and plead guilty on October 6, 2015. Whataburger was aware and/or should have been aware that the Manager was a sex offender and in fact took time off from work to attend meetings with his parole officer during his employment. Further, the manager was allowed to work closely and supervise underage employees despite his conviction.

<h3 style="text-align:center">COUNT 1 -DISCRIMINATION UNDER THE TITLE VII</h3>

20.     Plaintiff is an employee within the meaning of the Title VII and belongs to the class of employees protected under the statute, namely, female.

21.     Defendant is an employer within the meaning of Title VII.

22.     Defendant intentionally discriminated against plaintiff because of her gender in violation of Title VII by its manager creating a hostile environment, retaliation and gender discrimination and pressuring Plaintiff for a sexual relationship while she was underage.

23.     Defendant intentionally discriminated against Plaintiff because of her gender  in violation of Title VII by its manager creating a hostile environment and *quid pro quo by* discriminating against plaintiff because of sexual assault,  threats when she refused his advances and by making suggestive and inappropriate comments.

24.     As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages;

Plaintiff was constructively terminated resulting in lost pay and benefits.

Plaintiff has diligently sought and obtained other employment, but has been unable to find a job at comparable pay. In addition, plaintiff has incurred expenses in seeking other employment

Plaintiff suffered loss of his pension or retirement benefits.

Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits.

Plaintiff seeks an award of future lost wages and benefits to compensate her up to the mandatory retirement age of 70.

Plaintiff suffered emotional distress as a result of the actions of defendant.

Plaintiff is entitled to prejudgment interest on lost wages and benefits and postjudgment interest on all sums, including attorney fees.

Defendant's conduct was an intentional and willful violation of Title VII. Plaintiff is entitled to an award of liquidated damages within the meaning Title VII.

**COUNT 2 -NEGLIGENT HIRING/SUPERVISION/RETENTION**

25.    Defendant's manager sexually assaulted Plaintiff in February of 2017. At such time Plaintiff was still 16 years old. This sexual assault of a child occurred while the manager was employed by the Defendant and Defendant actually knew or should have known through reasonable diligence that the Manager had been convicted of sexual assault of a child two years earlier and still employed him supervising and in contact with minor workers. This independent tort of sexual assault of a child could have been prevented but for the negligence of Defendant Whataburger in employing and retaining a known sex offender in its workplace.

26.    Plaintiff suffered emotional distress and damages as a result sexual assault and the negligence of Defendant.

27.    Plaintiff asserts that Defendants actions in employing and retaining a known sex offender in its workplace was wanton and reckless and entitles Plaintiff to punitive damages as a result.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant appear and answer herein, and that upon trial of this cause, Plaintiff have judgment against defendant for the following relief:

(1)        an order permanently enjoining defendants from discharging any individual, or otherwise discriminating against any individual with respect to his or her compensation or the terms, conditions or privileges of employment because of such individual's gender;

(2)        back pay and front pay including all lost wages and employment benefits;

(3)        compensatory damages for future reputational injuries, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses for defendant's violations as set forth in counts one and two;

(4)        punitive damages in an amount to be determined by the jury in accordance with state law;

(5)        prejudgment and postjudgment interest at the legal rates;

(6)        reasonable attorney fees and all costs of court; and

(7)        such other and further relief, at law or in equity, to which plaintiffs may be justly entitled.

### Jury Demand

Plaintiff hereby demands a jury trial as to all issues triable by a jury.

Dated August 6, 2019.

RESPECTFULLY SUBMITTED,

**WEBB, CASON, P.C.**
710 Mesquite Street
Corpus Christi, Texas 78401
Telephone: (361) 887-1031
Facsimile: (361) 887-0903


BY:  /s/ Stephen J.Chapman
      CHARLES C. WEBB, JR.
      State Bar No. 21039500
      Federal ID. No. 18154
      charlie@wcctxlaw.com
      BENNY M. CASON
      State Bar No. 03969250
      Federal ID No. 12194
      benny@wcctxlaw.com
      STEPHEN J. CHAPMAN
      Attorney-In-Charge
      State Bar No. 24001870
      Federal ID. No. 32677
      OF COUNSEL
      schapman@chaplaw.net

**ATTORNEYS FOR PLAINTIFF**